# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SCOTT GUNDERSON, DANIEL PATTERSON, BEN LENAIL, BRENDAN KAYES, JAMES BUSTAMANTE, OCTAVI SEMONIN and ANNETT SUESS, on behalf of themselves and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA DEVICES, INC.,<br><br>Defendants. | Case No. 5:19-cv-08017-BLF<br><br>**ORDER GRANTING MOTION TO CERTIFY CLASS, APPOINT CLASS REPRESENTATIVES, AND APPOINT LEAD COUNSEL**<br><br>Re: ECF 55 |

In this putative class action, Plaintiffs Scott Gunderson, Daniel Patterson, Ben Lenail, Brendan Kayes, James Bustamante, Octavi Semonin, and Annett Suess (collectively, "Plaintiffs") seek to recover 60 days' wages and benefits from Alta Devices, Inc. ("Defendant") in connection with Defendant's alleged violations of federal and state law. *See* Mot. for Class Cert. 10 ("Mot."), ECF 55-1. Plaintiffs allege Defendant violated the Worker Adjustment and Retraining Notification Act ("Federal WARN Act"), 29 U.S.C. § 2101, *et seq.*, and California Labor Code §§ 1400-1408 ("California WARN Act"; together with the Federal WARN Act, the "WARN Acts") when Defendant terminated Plaintiffs' employment, and the employment of the proposed Class, without providing the 60 days' notice the WARN Acts require. *See* Am. Compl., ECF 47.

Before the Court is Plaintiffs' unopposed Motion for Class Certification. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiffs seek to certify a single class: Defendant's former employees who reported to a certain facility and were laid off, furloughed, and/or

terminated when that facility closed. *See* Mot 2. Plaintiffs also seek their appointment as representatives of the proposed Class and the appointment of Lankenau & Miller, LLP, The Gardner Firm, P.C., and Cotchett, Pitre & McCarthy, LLP as counsel for the Class. *Id*. Defendant did not file an opposition to Plaintiffs' motion, which Plaintiffs noted in their Reply brief. *See* Reply, ECF 56. Pursuant to Civil Local Rule 7-1(b), the Court finds that Defendant's Motion is appropriate for determination without oral argument, and the June 24, 2021 hearing is VACATED. For the reasons below, the motion is GRANTED.

## I. BACKGROUND

Defendant operated a facility at 545 Oakmead Parkway, Sunnyvale, CA (the "Facility") until the Facility was closed on or about October 21, 2019. Answer ¶ 5, ECF 48. Defendant employed Plaintiffs and members of the proposed Class (as defined *infra*, Section III) at that Facility until it closed. *Id*. Plaintiffs claim Defendant unlawfully terminated them (and the proposed Class) because these terminations occurred without cause or the 60 days' advance written notice required by the WARN Acts. *See* Compl. 1, ECF 1. Plaintiffs argue this proposed Class contains between 240 and 300 of the Defendant's former employees. Mot. 6, Decl. of Scott Gunderson ¶ 4, ECF 55-2.

On December 6, 2019, Plaintiffs filed the above titled action against the Defendant alleging violations of the WARN Acts. *See* Compl. The Federal WARN Act prohibits an "employer [from ordering] a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order . . . to each affected employee . . . ." 29 U.S.C. § 2102. The California WARN Act similarly prohibits "[a]n employer [from ordering] a mass layoff . . . or termination at a covered establishment unless, 60 days before the order takes effect, the employer gives written notice of the order to . . . [t]he employees of the covered establishment affected by the order. . . .." Cal. Labor Code § 1401. Plaintiffs filed an amended complaint on June 23, 2020, *see* Am. Compl., and Defendant filed its answer on July 7, 2020, *see* Answer.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class actions. "Before certifying a class, the trial court must conduct a rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012) (internal quotation marks omitted). The burden is on the party seeking certification to show, by a preponderance of the evidence, that the prerequisites to class certification have been met. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011).

Certification under Rule 23 is a two-step process. The party seeking certification must first satisfy the four threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). Specifically, Rule 23(a) requires a showing that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*

The party seeking certification must then establish that one of the three grounds for certification applies under Rule 23(b). *See* Fed. R. Civ. P. 23(b). Under Rule 23(b)(3), a class action may be maintained where:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

3

> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

*Id.*

A Rule 23(b)(3) class is appropriate "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (internal quotation marks omitted). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id.* (citation and internal quotation marks omitted); *accord Mazza*, 666 F.3d at 589.

In considering a motion for class certification, the substantive allegations of the complaint are accepted as true, but "the court need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through a class action." *Hanni v. Am. Airlines, Inc.*, No. 08-cv-00732-CW, 2010 WL 289297, at *8 (N.D. Cal. Jan. 15, 2010); *see also Jordan v. Paul Fin., LLC*, 285 F.R.D. 435, 447 (N.D. Cal. 2012) ("[Courts] need not blindly rely on conclusory allegations which parrot Rule 23 requirements." (citation and internal quotation marks omitted)). Accordingly, "the court may consider supplemental evidentiary submissions of the parties." *Hanni*, 2010 WL 289297, at *8 (citations omitted); *see also Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975).

"A court's class-certification analysis . . . may entail some overlap with the merits of the plaintiff's underlying claim." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (citation and internal quotation marks omitted). However, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 466. "Merits questions may be considered to the extent—but only to the extent—that they are relevant to

4

determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*

## III. DISCUSSION

Plaintiffs seek certification of a single class defined as:

> All former employees of Alta Devices, Inc. who worked at or reported to the facility located at 545 Oakmead Pkwy, Sunnyvale, CA 94085 (the "Facility") until they were laid off, furloughed and/or terminated, without cause on their part, on or about October 21, 2019, within thirty days of that date or thereafter, as part of, or as the reasonably expected consequence of, the mass layoff and/or plant closing occurring on or about October 21, 2019, or thereafter, and who do not file a timely request to opt-out of the class (the "Class").

*See* Mot. 10 ("Plaintiffs do not believe that subclasses will be required in this matter.")

Plaintiffs argue this group satisfies the requirements of Rule 23(a) and Rule 23(b)(3) and thus the Class should be certified. Fed. R. Civ. P. 23. Further, Plaintiffs note the WARN Acts explicitly contemplate class treatment of claims. *See* 29 U.S.C. § 2104(a)(5) ("A person seeking to enforce such liability . . . may sue either for such person or for other persons similarly situated, or both . . . .") and Cal. Labor Code §§ 1400 – 1408 ("A person, including a local government or an employee representative, seeking to establish liability against an employer, may bring a civil action on behalf of the person, other persons similarly situated, or both, in any court of competent jurisdiction."). Plaintiffs have submitted a memorandum and declarations of the individual named Plaintiffs and their attorneys in support of their motion. *See, e.g.*, Mot., Decl. of Mary E. Olsen ("Olson Decl."), ECF 55-9. Defendant submitted no response to Plaintiffs' motion and presented no evidence rebutting Plaintiffs' declarations. The Court is persuaded by Plaintiffs' declarations and arguments, and so agrees that it is appropriate to certify this proposed Class under Rule 23(b)(3).

### A. Each of the Rule 23(a) Requirements is Satisfied.

A named plaintiff bears the burden of demonstrating that a class meets the four requirements of Rule 23(a): (1) the class is so numerous that joinder of all members is

5

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by*, 273 F.3d 1266 (9th Cir. 2001) (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977)).

### i. Numerosity

Rule 23(a)(1)'s numerosity requirement requires the size of the proposed class be "so numerous that joinder of all the class members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability is not impossibility, and instead refers only to the "difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (citation and internal quotation marks omitted). However, there is no established number or cut-off that establishes numerosity. *See* Fed. R. Civ. P. 23(a)(1). Federal courts have certified class actions containing as few as fourteen members, and others have suggested numerosity can be presumed when putative classes contain a certain number of individuals. *See, e.g.*, *Litty v. Merrill Lynch & Co.*, No. CV 14-0425 PA, 2015 WL 4698475, at *3 (C.D. Cal. Apr. 27, 2015) ("[N]umerosity is presumed where the plaintiff class contains forty or more members."); *Welling v. Alexy*, 155 F.R.D. 654, 656 (N.D. Cal. 1994) (noting that courts have certified classes as small as 14 and have often certified classes with 50 to 60 members).

The Court concludes there is sufficient numerosity in this case. Plaintiffs allege that the Defendant laid off between 240 and 300 employees when it closed the Facility, which is not contested by Defendant. This is a much larger proposed class than the classes that have been certified with as few as forty or fourteen members. Joinder of each of these affected individuals would be impracticable.

### ii. Commonality

The commonality requirement of Rule 23(a)(2) is met where "the class members' claims

'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] with one stroke.'" *Mazza*, 666 F.3d at 588 (internal citation omitted) (quoting *Dukes*, 564 U.S. at 350). Thus, a plaintiff seeking to certify a class must "demonstrate 'the capacity of classwide proceedings to generate common answers' to common questions of law or fact that are 'apt to drive the resolution of the litigation.'" *Mazza*, 666 F.3d at 588 (internal citation omitted) (quoting *Dukes*, 564 U.S. at 350). "[A] single significant question of fact or law" can be sufficient to establish commonality. *Dukes*, 564 U.S. at 358. "The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3)." *Hanlon*, 150 F.3d at 1019. The "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.*

Plaintiffs have identified several issues common to the Class, including:

- whether Defendant's actions triggered the sixty-day notice requirement of the WARN Acts;
- whether statutory exceptions to the notice requirement apply;
- whether the Defendant failed to provide notice; and
- whether Plaintiffs and the proposed Class suffered an employment loss.

Mot. 12.

Noting the permissive construction of Rule 23(a)(2), the Court finds that Rule 23(a)(2)'s commonality requirement has been satisfied. *See Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741WQHNLS, 2007 WL 627977, at *4 (S.D. Cal. Feb. 22, 2007) (assuming commonality requirement satisfied given permissive construction and lack of challenge by defendant).

### iii. Typicality

Rule 23(a)(3) requires that "the [legal] claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied

7

"when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (citations omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (internal quotation marks and citation omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. Class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation. *See Hanon v. Dataprods. Corp.*, 976 F.2d 497, 509 (9th Cir. 1992).

Plaintiffs' claims here are representative of the claims of the proposed Class. Plaintiffs allege that Defendant violated the WARN Acts by closing the Facility and laying off Plaintiffs without the requisite notice. *See* Am. Compl. Plaintiffs also allege Defendant violated the WARN Acts when laying off their co-workers, who make up the proposed Class. *See* Am. Compl. And in its answer, Defendant asserts the "faltering company" and "unforeseeable business circumstances", among other affirmative defenses, which are not specific to the putative representative Plaintiffs. *See* Answer 8-9. Few, if any, of Plaintiffs' claims or Defendant's defenses present questions of law or fact unique to individual Plaintiffs or the proposed Class members. If the putative Class members were to proceed in an action parallel to this action, they would advance legal and remedial theories similar, if not identical, to those advanced by Plaintiffs. The Court finds the typicality requirement satisfied.

### iv. Adequacy

Rule 23(a)(4) requires that class representatives "fairly and adequately protect the interests

of the class," not just their own. *See* Fed. R. Civ. P. 23(a)(4). "Determining whether the representative parties adequately represent a class involves two inquiries: (1) whether the named plaintiff and his or her counsel have any conflicts of interest with other class members and (2) whether the named plaintiff and his or her counsel will act vigorously on behalf of the class." *Calvert v. Red Robin Int'l, Inc.*, No. C 11–03026 WHA, 2012 WL 1668980, at *2 (N.D. Cal. May 11, 2012) (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). These inquiries are guided by the principle that "a class representative sues, not for himself alone, but as representative of a class comprising all who are similarly situated. The interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity." *Calvert*, 2012 WL 1668980 at *2 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949)).

Plaintiffs and their counsel believe their interests are congruent with those of the proposed Class. Mot. 13. Plaintiffs disclaim any knowledge of conflicting interests with or within the proposed Class. Mot. 12. At this stage, it appears Plaintiffs' claims are identical to those of the proposed Class. Plaintiffs also contend that their attorneys have acted vigorously in pursuing these claims and will continue to do so, meaning the proposed Class's interests will be just as adequately represented as Plaintiffs' own interests. Mot. 14. No evidence has been produced to the contrary, and Plaintiffs have retained experienced lawyers who have previously handled similar class-actions involving the WARN Acts. The Court finds Plaintiffs and their chosen counsel more than adequate as representatives of the Class.

**B.     Plaintiffs Have Met the Rule 23(b)(3) Requirements**

Having satisfied the Rule 23(a) requirements, a class must next "satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available

methods for the fair and efficient adjudication of the controversy.'" *Hanlon*, 150 F.3d at 1022 (quoting Fed. R. Civ. P. 23(b)(3)). Plaintiffs have done so here.

### 1. Predominance

Rule 23(b)(3)'s "'predominance inquiry' is meant to 'tes[t] whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Dukes*, 564 U.S. at 376 (alteration in original) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). Though common issues need not be "dispositive of the litigation," *see In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 29 (D.D.C. 2001), they must "present a significant aspect of the case [that] can be resolved for all members of the class in a single adjudication" so as to justify "handling the dispute on a representative rather than an individual basis." *Hanlon*, 150 F.3d at 1022. Courts must thus separate the issues subject to "generalized proof" from those subject to "individualized proof" to determine whether the plaintiffs have satisfied the predominance requirement. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2006 WL 1530166, at *6 (N.D. Cal. June 5, 2006) ("Predominance requires that the common issues be both numerically and qualitatively substantial in relation to the issues peculiar to individual class members." (internal quotation omitted)). Whether the predominance requirement is satisfied in a particular case "turns on close scrutiny of the relationship between the common and individual issues." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 958 (9th Cir. 2009) (internal citation omitted).

Plaintiffs argue, without objection, that issues of fact and law central to their claim are shared amongst Plaintiffs and each member of the proposed Class. As previously noted, these common issues include (1) whether Defendant's actions triggered the sixty-day notice requirement of the WARN Acts; (2) whether statutory exceptions to the notice requirement apply; (3) whether Defendant failed to provide notice; and (4) whether Plaintiffs and the proposed Class suffered an employment loss. Mot. 12. Issues (1) and (2) are primarily dependent on Defendant's actions and

10

are unlikely to require individualized proof specific to individual members of the proposed Class. Defendants have not argued that common proof will be inadequate to resolve Issue (3), and the Court finds that common proof will resolve this question. Finally, Issue (4) is addressed by the definition of the proposed Class as it only includes former employees that worked at the Facility until they were laid off, furloughed, or terminated as a consequence of the closure of the Facility. Accordingly, the Court agrees that common questions predominate any questions facing individual members of the proposed Class.

### 2. Superiority

In addition to the predominance inquiry, Rule 23(b) requires Plaintiffs to demonstrate "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts should consider the following factors in making this determination:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Plaintiffs note that no other related WARN Acts class claims have been filed against Defendant, Class members can be easily identified from Defendant's employment records, and the forum is ideal for concentrating the litigation of the claims against Defendant. Mot. 15. Defendant has made no argument to the contrary. Considering this, the Court agrees with Plaintiffs and finds a class action to be the superior method of adjudication. As such, the Court finds the superiority requirement met.

11

### C. Appointment of Lead Counsel

Federal Rule of Civil Procedure 23(g)(2) states that: "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). Fed. R. Civ. P. 23(g)(2). Rule 23(g)(1) requires the court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id*. In addition to Rule 23(g)(1), Rule 23(g)(4) states that the duty of class counsel is to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4).

Plaintiffs have retained highly capable counsel with extensive experience in prosecuting Federal WARN Act class actions. *See* Olsen Decl. ¶¶ 10–15. Accordingly, and without any opposition, the Court finds that Lankenau & Miller, LLP, The Gardner Firm, P.C., and Cotchett, Pitre & McCarthy, LLP are adequate counsel under Rule 23(g)(1) and (4).

### D. Plaintiffs' Proposed Class Notice Plan is Proper

Under Federal Rule of Civil Procedure 23(c)(2)(B), for any class certified under Rule 23(b)(3), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-CV-02200-HSG, 2019 WL 1512265, at *2 (N.D. Cal. Apr. 8, 2019). "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state:

      (i) the nature of the action;

      (ii) the definition of the class certified;

      (iii) the class claims, issues, or defenses;

      (iv) that a class member may enter an appearance through an attorney if the member so desires;

      (v) that the court will exclude from the class any member who requests exclusion;

      (vi) the time and manner for requesting exclusion; and

      (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *Schneider*, 2019 WL 1512265, at *2. "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice" *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). Individual notice must be sent to class members "whose names and addresses may be ascertained through reasonable effort." *Schneider*, 2019 WL 1512265, at *2 (*quoting Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974)).

      The Court has reviewed Plaintiffs' proposed class notice and notice plan. Ex. 10, Proposed Class Notice, ECF 55-10. Plaintiffs' proposed notice to the potential Class members clearly states the nature of the action, the definition of the class, and the claims and defenses of both Plaintiffs and Defendant. *Id*. Plaintiffs' proposed notice further informs the potential Class member receiving notice that they may enter an appearance; they may be excluded from the Class by the Court upon request; the way in which they may request exclusion; and the binding effect of a judgment for or against the Class. *Id*. Accordingly, the Court approves the form and manner of notice to the Class as proposed by Plaintiffs via first class mail with prepaid postage to all members of the proposed Class.

**IV.    ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Class Certification of the Class is GRANTED.

2. Plaintiffs' Motion to appoint Plaintiffs Scott Gunderson, Daniel Patterson, Ben Lenail, Brendan Kayes, James Bustamante, Octavi Semonin, and Annett Suess as the class representatives is GRANTED.

3. Lankenau & Miller, LLP, The Gardner Firm, P.C. and the Cotchett, Pitre & McCarthy, LLP are appointed as co-class counsel.

4. Plaintiffs' Motion for the Court's approval of the form and manner of notice to the Class is GRANTED.

5. No later than five business days following entry of this Order, Defendant shall provide Class Counsel with an electronic spreadsheet containing the names and last known addresses of the former employees encompassed by the Class as defined above (the "Class Spreadsheet").

6. Class Counsel shall mail the Notice, First Class postage prepaid, within ten business days of receiving the Class Spreadsheet, to the proposed members of the Class at their last known addresses as shown on the Class Spreadsheet.

7. Class members who wish to opt-out of the Class in this matter must complete the opt-out form, included with the Class Notice (attached), and must sign and mail that optout form to The Gardner Firm, P.C., P.O. Box 3103; Mobile, Alabama 36652, Attn: Mary E. Olsen - so that it is received by Ms. Olsen by no later than thirty-five (35) days after the date on which the class notice was mailed. The date of the opt-out deadline shall be included in the Class Notice. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Class and will be bound in the same way and to the same extent as all other Class Members.

8. Within five (5) business days after the last date on which a Class Member may timely opt-out, Class Counsel shall serve and file a sworn statement listing the names of any persons who have timely opted out of the Class.

Dated: May 19, 2021

_____
BETH LABSON FREEMAN
United States District Judge